IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Jack Brooks and Ellen Brooks, | ) | |
| | ) | CIVIL ACTION NO:  8:06-1613-HMH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT GAF MATERIALS** |
| GAF Materials Corporation, | ) | **CORPORATION'S AMENDED AND** |
| | ) | **CORRECTED MEMORANDUM** |
| Defendant. | ) | **IN OPPOSITION TO PLAINTIFFS'** |
| | ) | **MOTION TO REMAND** |

Plaintiffs have moved to remand this matter to the Newberry County Court of Common Pleas. Defendant, GAF Materials Corporation ("GAF") submits this memorandum in opposition to Plaintiffs' motion. For the reasons set forth below, the motion should be denied.

## STATEMENT OF RELEVANT FACTS

On April 17, 2006, Plaintiffs filed this suit in the Court of Common Pleas for Newberry County, Civil Action No. 2006-CP-36-129. GAF timely filed a Notice of Removal to Federal Court on May 26, 2006. Plaintiffs are residents of Newberry, South Carolina. (Compl., ¶ 1.)[1] GAF is a Delaware Corporation and its principal place of business is a state other than South Carolina.

The Plaintiffs' Complaint is a products liability action. Plaintiffs purchased a roofing system from a roofer which included as a component GAF roofing products. The Complaint asserts that the GAF products are failing (Compl. ¶ 15) causing consequential damages to their property (Compl. ¶ 21).

---

[1] All of the factual statements in this section are alleged in the Complaint and are taken as true solely for the purposes of this Memorandum.

The Complaint alleges six causes of action: Negligence; Negligent misrepresentation; Breach of warranty; Breach of implied warranties; Fraud; and Unfair trade practices pursuant to S.C. Code Ann. §§ 39-5-100 through 39-5-170 (Supp. 2005).

For each of these causes of action, Plaintiffs seek to recover damages. As to the negligence cause of action, Plaintiffs seek recovery, "actual and punitive, for that injury." (Compl. ¶ 21.) The second cause of action for negligent misrepresentation seeks similar damages. (Compl. ¶ 26.) The Plaintiffs' breach of warranty causes of action which make up the third and fourth cause of action allege only the Plaintiffs have been injured and seek recovery for that injury. (Compl ¶¶ 32 and 36.) The fifth cause of action for fraud alleges the Plaintiffs have been injured and seek recovery, actual and punitive, for that injury. (Compl. ¶ 43.) Finally, in the Plaintiffs sixth cause of action for unfair trade practices, the Plaintiffs "seek recovery both actual and statutorily trebled, for this injury." (Compl. ¶ 48.)

The Plaintiffs' prayer for relief reiterates the several categories of damages they seek to recover, which include:

> A.   Plaintiffs recover the general and special compensatory damages determined to have been sustained by them;
>
> B.   Plaintiffs recover punitive damages from the Defendant GAF in an amount to be determined;
>
> C.   Plaintiffs recover treble damages and/or attorneys' fees from the Defendant, GAF, in accordance with the Unfair Trade Practices Act in an amount to be determined;
>
> D.   In no event is Plaintiffs' recovery, exclusive of interest and costs, to exceed $74,999.00;
>
> E.   Plaintiffs recover the cost of this suit, including any expert witness fees and reasonable attorneys' fees.

(Compl., prayer for relief.)

Accordingly, Plaintiffs seek actual damages, punitive damages, treble damages and attorneys' fees, expert witness fees and costs from GAF. The amount of that recovery Plaintiffs allege is not to exceed $74,999.00, which is an unspecified demand of damages.

On June 20, 2006, Plaintiffs moved to remand this case to the Newberry County Court of Common Pleas. This memorandum is offered in opposition to that motion.

**ARGUMENT**

**I.     REMOVAL IS APPROPRIATE BASED ON THE ALLEGATIONS CONTAINED IN THE PLAINTIFFS' COMPLAINT.**

GAF removed this action to Federal Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. There is no dispute that the requirement of diversity of citizenship has been met. The only issue regarding removal raised by Plaintiff is whether the $75,000.00 amount in controversy requirement is satisfied. Plaintiffs' prayer for relief seeks a variety of damages but "in no event" to exceed $74,999.00. It also seeks treble damages and attorneys' fees.

As a general rule, Defendants are limited to the allegations on the face of the Complaint to determine whether jurisdiction exists in Federal Court. Likewise, "[i]n considering the propriety of a removal, the District Court generally must restrict itself to the plaintiff's pleading, which controls." Dash v. Firstplus Home Loan Trust, 1996-2, 248 F. Supp.2d 489, 497 (M.D.N.C. 2003) (quoting Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1950)). Plaintiffs rely on St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1983) for the proposition that the Plaintiffs demand is determinative of the amount of controversy. "However, as courts have recognized, this dicta in St. Paul Mercury was premised on the notion that plaintiffs would be bound by the amount alleged in the ad damnum clause of the complaint." Aikens v. Microsoft

3

Corp., 159 Fed. Appx. 471, 475 (4th Cir. 2005).  The unspecified demand of Plaintiffs is not binding.

As a respected commentary states, the preferred practice is to treat the amount requested by the plaintiff in the state court as the amount in controversy.  14(C) Wright, Miller & Cooper, Federal Practice & Procedure:  Jurisdiction 3(d) § 3725 at 98 (3d. ed. 1998).  However, the treatise notes this result is fully satisfactory _only_ in states where recovery is not limited to the amount demanded.  Hutchens v. Progressive Paloverde Ins. Co., 211 F.Supp.2d 788, 791 (S.D.W. Va. 2002).  In South Carolina Courts, Rule 54(c) of the South Carolina Rules of Civil Procedure provides that a Plaintiff may recover more than he has demanded in his prayer for relief ("every final judgment shall grant the relief to which the party is entitled, even if the party _has_ _not_ demanded such relief in his pleadings").  While Plaintiffs may argue that S.C.R.Civ. P. 8(a)(3) does allow a limitation, the notes accompanying that rule state the language was added "to eliminate prayers for exaggerated and sensational claims for damages."  The rule in no way binds a plaintiff as evidenced by S.C.R.Civ.P. 54(c).  Accordingly, the self-imposed restrictions by Plaintiffs do not assure GAF or this Court that any _final_ damage award will remain less than the jurisdictional minimum Plaintiffs currently claim.

The relevant point and time for determining jurisdiction is the time of removal and post-removal events cannot act to defeat subject matter jurisdiction.  Saint Paul Mercury Indem. Co., 303 U.S. 283 (1938); Griffin v. Red Run Lodge, Inc., 610 F.2d 1198 (4th Cir. 1979) (holding that once jurisdiction exists, dismissal of one or more claims used to determine amount in controversy does not destroy jurisdictional basis).  In particular, the proper time for testing the sufficiency of the jurisdictional amount is when the case is removed.  Woodward v. Newcourt Commercial Finance Corp., 60 F.Supp.2d 530, 531 (D.S.C. 1999); 14(B) Wright, Miller &

4

Cooper, Federal Practice and Procedure § 3702 (3rd Ed. 1998) (under a well settled principal, the existence or non-existence of the required amount in controversy is determined as of the time that an action is commenced in the federal courts or arrives there from state court by way of removal).  "The Fourth Circuit has not decided the proper standard in a motion to remand for determining whether or not the amount in controversy exceeds $75,000.00."  Spann v. Stylecrest Prods., 171 F.Supp.2d 605, 607 (D.S.C. 2001).  [T]he court is not required to "leave common sense behind" when determining the amount in controversy.  Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 24 (S.D.W. Va. 1994).  Further, a defendant "may rely upon the entirety of the facts and circumstances comprising the plaintiff's damage claim."  Sayre v. Potts, 32 F.Supp.2d 881, 886 (S.D.W.Va. 1999) (citations omitted).

Here, based on the allegations in the Plaintiffs' Complaint at the time of removal, the jurisdictional amount requirement was satisfied and removal to Federal Court was proper.  The Complaint requests actual consequential and incidental damages – i.e., the only damages "amount to be determined by a jury" – as high as $74,999.00.  In addition to these damages, as high as $74,999.00, Plaintiffs request both treble damages and attorneys' fees, expert witness fees and costs.

> "[W]here plaintiff has alleged in an undetermined amount of damages, as where he claims some amount not to exceed $75,000.00," the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with the federal court and other relevant materials in the record.

Crosby v. CVS Pharmacy, Inc., 409 F.Supp.2d 665, 667 (D.S.C. 2005) (citations omitted).  "The Fourth Circuit has not decided the precise standard on a motion to remand for determining the value of an unspecified damage claim."  Jones v. Allstate Insurance Co., 258 F.Supp.2d 424, 428 (D.S.C. 2003).  Among the standards that have been considered are a preponderance of the

5

evidence, and reasonable probability. Other Courts in this Circuit hold that the Court must look to the totality of the circumstances surrounding the amount in controversy. See e.g., Schwenk v. Cobra Manufacturing Company, 322 F.Supp.2d 676, 678-679 (E.D.Va. 2004) (citations omitted). Using any of these standards, GAF has met its burden to show that the claims as plead in Plaintiffs' Complaint meet the amount in controversy.

In addition to the actual and consequential damages alleged in the Complaint, the Plaintiffs also seek a variety of damages as set forth below which must be considered in determining whether or not the $74,999.00 damage limitation is valid. After examining these other damage claims, it is clear the amount in controversy standard has been met.

## II.     PLAINTIFFS CANNOT LIMIT THE COURT'S ABILITY TO TREBLE DAMAGES AWARDED BY A JURY.

Plaintiffs' Complaint asks for damages "in no event . . . to exceed $74,999.00." (Compl., Prayer for Relief, D.) Plaintiffs then, in separate paragraphs, seek recovery, "both actual and statutorily trebled" (Compl., ¶ 48.) Finally, Plaintiffs then, in separate paragraphs, ask in addition to damages trebled, for an award of attorneys' fees, expert witness fees and costs and such other, further or different relief as may be deemed just and proper. Id. (Prayer for Relief, C, E and F.)

Notwithstanding these requests, Plaintiffs request damages to be determined by the jury in an amount up to $74,999.00. The jury will only determine actual damages. The jury does not determine whether damages will be trebled. That decision is in the province of the Court. "[I]n a diversity of citizenship case, the federal courts must look to state law to determine the nature and extent of the right that the plaintiff is seeking to have enforced. This includes applying the forum state's rules regarding the applicable measure of damages and the availability of special and punitive damages." 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3702

6

(3d. Ed. 1998). According to the South Carolina Unfair Trade Practices Act ("SCUTPA"), if a court finds a willful or knowing violation of the act, "the <u>court</u> shall award three times the actual damages sustained. S.C. Code Ann. § 39-5-140 (Supp. 2005)(emphasis added).

The claim for treble damages by the Plaintiffs changes the analysis of the amount in controversy. Other Courts which have addressed this issue have noted this.

> Defendants also argue that attorneys' fees and the availability of treble damages impact the jurisdictional amount in controversy. The Supreme Court has held that as a general rule, attorneys' fees are excludable in determining the amount in controversy . . . <u>However</u>, where a statute mandates or allows the payment of such fees, that sum can be considered in determining whether a plaintiff has satisfied § 1332 . . . <u>It would seem logical to apply the same rule to treble damages</u>

<u>In re High Fructose Corn Syrup Antitrust Litigation</u>, 936 F.Supp. 530, 533 (C.D.Ill. 1996)(emphasis added). For Plaintiffs' damages to allow the recovery of treble damages and still fall below the requisite amount in controversy, the actual and consequential damages Plaintiffs allege would have to be no more than $24,999.00.

For the purposes of determining diversity jurisdiction, the amount in controversy includes Plaintiffs' claims for actual damages, attorneys' fees, and other relief, including trebling of damages awarded by a jury. Plaintiff has requested actual damages up to $74,999.00. If a jury awards the Plaintiffs the amount they request and if a Court finds a willful violation of the SCUTPA, the Court can treble the jury's damages award for a judgment as high as $224,997.00. Based on Plaintiffs' allegations at the time of removal that they will be seeking actual damages up to $74,999.00, this Court has jurisdiction over this action.

**III. THE AWARD OF ATTORNEYS' FEES PROVIDED BY THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT WILL INCREASE PLAINTIFFS' CLAIM TO AN AMOUNT EXCEEDING THE JURISDICTIONAL THRESHOLD.**

Plaintiffs' Complaint alleges damages to be determined by the jury, as high as $74,999.00. The Complaint also alleged that "GAF's actions in marketing and distribution of product, as well as its product stewardship (or lack thereof), constitute unfair and deceptive acts." (Compl., ¶ 46.) Plaintiffs then go on to allege that "these actions are capable of repetition and have been repeated hundreds if not thousands of times." (Compl., ¶ 47). If a court finds that a defendant violated the SCUTPA, the court shall award reasonable attorneys' fees. S.C. Code Ann. § 39-5-140(a). "If a state statute provides for attorneys' fees, such fees are included as a part of the amount in controversy." Momin v. Maggiemoo's Int'l. L.L.C., 205 F.Supp.2d 506, 509 (D.Md. 2002). See also Saval v. BL, Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983). In order for Plaintiffs to recover attorneys' fees and treble damages, their actual damages would have to be less than $24,999.00 which they have not alleged.

**IV. THE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES WILL INCREASE THE AMOUNT IN CONTROVERSY TO ONE WHICH EXCEEDS THE JURISDICTIONAL AMOUNT.**

In their Complaint, Plaintiffs repeatedly seek recovery for punitive damages (Compl., ¶¶ 21, 26, 43 and Prayer for Relief, B.) In support of their claim, Plaintiffs contend that GAF engaged in an intentional, fraudulent scheme in connection with the sale of its roofing products. Notwithstanding these allegations of fraudulent intentional conduct warranting the award of punitive damages, Plaintiff claims that the amount it is seeking will never exceed $74,999.00, a self-imposed limitation which is not enforceable under the South Carolina Rules of Civil Procedure. "Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages." Bell v.

Preferred Life Ins. Soc'y, 320 U.S. 238 240 (1943); Thompson v. Victoria Fire & Cas. Co., 32 F.Supp.2d 847, 849 (D.S.C. 1999). Based on the allegations of Plaintiffs' Complaint, it cannot be said to a legal certainty they cannot recover punitive damages, nor have they conceded they are not entitled to recover punitive damages.

**V.    PLAINTIFFS ARE NOT ENTITLED TO RECOVER COSTS AND FEES.**

Although Plaintiffs have not expressly requested costs and fees, their motion and supporting memorandum ask the court "for such other relief, legal or equitable, to which they may be justly entitled. Most recently in Martin v. Franklin Capital Corp., the United States Supreme Court held that cost and fees may only be awarded when "just." ___ U.S. ___, 126 S.Ct. 704, 710 (2005). "Absent unusual circumstances, Courts may award attorneys' fees under 28 U.S.C. § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, ____ U.S. ____, 126 S.Ct. at 710. Here, based on the legal issues presented, an objectively reasonable basis exists for this removal, so costs and fees are not appropriate.

## CONCLUSION

For the foregoing reasons, GAF respectfully requests the Court deny Plaintiffs' motion to remand. This memorandum is based on the grounds stated herein, and on such arguments and supporting authority as may be presented to this Court by way of supplemental memorandum and/or oral argument.

(*signature page follows*)

9

        Respectfully submitted,

        COLLINS & LACY, P.C.

By:    s/Gray T. Culbreath
        GRAY T. CULBREATH (Fed. I.D. 5647)
        1330 Lady Street, Sixth Floor (29201)
        Post Office Box 12487
        Columbia, South Carolina 29211
        (803) 256-2660
        (803) 771-4484 (f)

    ATTORNEYS FOR GAF
    MATERIALS CORPORATION

Columbia, South Carolina
July 6, 2006

## CERTIFICATE OF MAILING

      This is to certify that on the 6th day of July, 2006, a true and correct copy of Defendant GAF Materials Corporation's Amended and Corrected Memorandum in Opposition to Plaintiffs' Motion to Remand is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and via U.S. Postal Service with sufficient postage affixed:

s/Gray T. Culbreath                          .
Gray T. Culbreath

COUNSEL SERVED:

Gibson Solomons, Esquire
Marion C. Fairey, Jr., Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC  29924