IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jack Brooks and Ellen Brooks, ) | C.A. No.: 8:06-1613-HMH |
| ) | |
| Plaintiffs, ) | **OPINION & ORDER** |
| ) | |
| vs. ) | |
| ) | |
| GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Jack Brooks and Ellen Brooks' ("Plaintiffs") motion to remand. For the reasons set forth below, the court grants the Plaintiffs' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs originally filed suit in the Court of Common Pleas of Newberry County, South Carolina, alleging claims for negligence, negligent representation, breach of warranty, breach of implied warranties, fraud, and a violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). (Compl. 3-10.) The Plaintiffs allege that they suffered property damage as a result of the Defendant's defective roofing materials. In the prayer for relief, the Plaintiffs seek general and special compensatory damages, punitive damages, treble damages, and attorney's fees from the Defendant. However, the prayer for relief also states that "[i]n no event is Plaintiffs' recovery, exclusive of interest and costs, to exceed $74,999.00." (Compl. Prayer for Relief D.)

The Defendant removed this action to this court on May 26, 2006. The Plaintiffs filed a motion to remand on June 20, 2006, arguing that the case must be remanded because the amount

1

in controversy does not exceed $75,000, exclusive of interest and costs, for diversity jurisdiction under 28 U.S.C. § 1332. (Pl.s' Mem. Supp. Remand 2.)

## II. LEGAL DISCUSSION

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) (West Supp. 2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals, Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (internal quotation marks omitted).

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties] . . . ." There is no dispute that the parties in this case are diverse. Therefore, the only issue before this court is whether the amount in controversy exceeds $75,000.

> The Fourth Circuit has not decided the proper standard in a motion to remand for determining whether the amount in controversy exceeds $75,000. In cases in which the plaintiff has not specified a damage claim, courts have required defendants justifying the removal of a case to federal court based on diversity jurisdiction to meet one of at least four different standards to show that the amount in controversy has been satisfied: (1) "legal certainty," (2) "preponderance of the evidence," (3) "reasonable probability," and (4) inverse legal certainty . . . .

Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (quoting Spann v. Style Crest Prods., 171 F. Supp. 2d 605, 607 (D.S.C. 2001)). Other courts within the District of South

2

Carolina have "lean[ed] towards requiring defendants in this position to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." Id. In Phillips, the court further noted that it declined to "adopt any approach under which the court will be required to undertake its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint." Id.; see also Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 (D.S.C. 2003); Spann, 171 F. Supp. 2d at 608-09. The court agrees with the holdings in Phillips, Jones, and Spann. The Plaintiffs' complaint provides that "[i]n no event is Plaintiffs' recovery, exclusive of interest and costs, to exceed $74,999.00." (Compl. Prayer for Relief D.) Furthermore, the Plaintiffs reiterate in their memorandum in support of the motion to remand that the amount in controversy does not meet the jurisdictional minimum. Hence, the court will not undertake an independent review of the amount in controversy as the Plaintiffs' complaint plainly provides a specific limitation on damages.

The Defendant argues that the amount in controversy is met because the Plaintiffs are seeking to recover up to $74,999 in actual damages, and are seeking to add to this amount punitive damages, treble damages, and attorney's fees. The court disagrees. In the prayer for relief, the Plaintiffs plainly state that they are not seeking to recover in excess of $74,999. The Plaintiffs only exclude interest and costs from this amount. As such, the stated amount in controversy in the Plaintiffs' complaint includes actual damages, punitive damages, treble damages, and attorney's fees under South Carolina Code of Laws section 39-5-140(a).

The Defendants further argue that the "Plaintiffs cannot limit the court's ability to treble damages awarded by a jury" under SCUTPA. (Def.'s Mem. Opp'n Remand 6.); S.C. Code

§ 39-5-140(a) (1985). Although the court determines whether damages should be trebled under SCUPTA, the Plaintiffs' notice in their prayer for relief "puts the court and [the] defendant[] on notice that whatever amount of damages [they] obtain[], even if trebled, will not [exceed] $74,999.00." Phillips, 351 F. Supp. 2d at 462. As the court noted in Phillips, the statement in the complaint concerning the amount in controversy, "though not specific, is the relevant information in a motion to remand." Id. at 462. The Defendant bears the burden of establishing that the amount in controversy exceeds $75,000. The court finds that the Defendant has not met this "burden to a legal certainty or a reasonable probability." Id.[1] Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

Although not specifically requested by the Plaintiffs, the court declines to award costs and attorney's fees to the Plaintiffs under 28 U.S.C. § 1447(c) because the Defendant had an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (U.S. 2005).

---

[1] In addition, the Defendant argues that the Plaintiffs are not bound by their limitation on damages in the complaint. Rule 54(c) of the South Carolina Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Therefore, the Defendant submits that the Plaintiffs could recover more than $75,000. The court recognizes the potential for manipulation. However, the court agrees with the admonition in Jones that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their anticipated future dealings with this court and would probably be barred by judicial estoppel." 258 F. Supp. 2d at 427 n.2. "To further prevent the potential for manipulation after remand, this court strongly suggests that any plaintiff wishing to limit a claim for monetary damages file a pre-removal sworn affidavit of both the plaintiff and counsel disclaiming any monetary recovery in excess of $75,000." Id.

4

It is therefore

**ORDERED** that the Plaintiffs' motion to remand, docket number 6, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Newberry County, South Carolina. Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 24, 2006